IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD RAY BRESHEARS,
ADC #1372771                                                              PLAINTIFF

v.                              No. 5:15-cv-149-DPM-JTR
                                No. 5:15-cv-187-DPM-JTR

ARKANSAS DEPARTMENT OF CORRECTION,
Transportation Unit; WENDY KELLEY, Director,
Arkansas Department of Correction; KIM HOFFMAN,
Regional Manager, Correct Care Solutions; GARY HILL,
Transportation Administrator, ADC; RORY GRIFFIN,
Assistant Regional Manager, Correct Care Solutions;
JANE DOES 1–2, Drivers for ADC Central Transport;
SKINNER, Lieutenant; and PATRICK S. DRUMMOND,
Advance Practice Nurse                                                    DEFENDANTS


ORDER

1. Breshears has filed this *pro se* consolidated § 1983 action alleging that

defendants violated his constitutional rights while he was a prisoner in the

Arkansas Department of Correction. *Nos 1 & 9*. The Court must screen

Breshears's complaint. 28 U.S.C. § 1915A.

2. Breshears alleges he was injured when two buses—driven by the

Jane Doe Defendants—collided. But a constitutional claim must be based on

deliberate indifference. Allegations of mere negligence or even gross

negligence won't suffice. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *In re Cook*, 928 F.3d 262, 263 (1991). Nothing in the complaints suggests that the accident was caused by deliberate indifference. Further, the Jane Doe Defendants' alleged failure to file a police report and complete other paperwork about the accident after it occurred didn't cause Breshears any harm. *Schuab v. VonWald*, 638 F.3d 905, 921 (8th Cir. 2011); *Latimore v. Widseth*, 7 F.3d 709, 716 (8th Cir. 1993). Thus, Breshears's negligence claims against Jane Does 1 and 2 are dismissed without prejudice for failure to state a claim.

**3.** There is no vicarious liability in § 1983 actions. A prisoner must therefore plead facts suggesting that each defendant "through his own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Wendy Kelley and Gary Hill supervised the Doe defendants who allegedly caused the accident. But Breshears hasn't pleaded any facts suggesting that either Kelley or Hill personally violated his constitutional rights. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). His claims against Kelley and Hill are therefore dismissed without prejudice for failure to state a claim.

4. Breshears's claim against the ADC Transportation Department is dismissed with prejudice because prisons aren't separate legal entities that can be sued in a § 1983 action. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.*, 353 F.3d 1038, 1041 (8th Cir. 2004).

5. Lieutenant Skinner allegedly threatened to retaliate against Breshears if he sought medical treatment for his injuries. Despite that threat, Breshears admits he got medical care for his injuries. And he doesn't contend that Skinner actually retaliated against him for doing so. Unrealized threats aren't a basis for recovery in a § 1983 action. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992). Thus, Breshears's claims against Skinner are dismissed without prejudice for failure to state a claim.

6. Breshears has pleaded a viable claim that Defendant Drummond failed to provide Breshears with constitutionally adequate medical care for the back and neck injuries he sustained in the bus accident. Likewise, Breshears has stated a plausible claim that Defendants Griffin and Hoffman failed to take corrective action after reviewing his grievances about the allegedly inadequate medical care. Breshears may therefore proceed with his

inadequate-medical-care and corrective-action claims against Drummond, Griffin, and Hoffman.

The Clerk is directed to prepare a summons for those three defendants. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, and this Order on them through the Humphries and Odum law firm without prepayment of fees and costs.  If any of the defendants are no longer Corrective Care Solutions employees, the Humphries and Odum law firm must file the unserved defendant's last known private mailing address under seal.

7. An *in forma pauperis* appeal from this Order will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

WP Marshall Jr.

D.P. Marshall Jr.
United States District Judge

31 August 2015